**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDREA MUDIE | : |
| 1223 Overington | :   Civil Action Number: |
| Philadelphia, PA 19124 | : |
|          Plaintiff, | : |
| | :   COMPLAINT |
|      v. | : |
| | : |
| PHILADELPHIA COLLEGE OF | : |
| OSTEOPATHIC MEDICINE | : |
| 4170 City Avenue | : |
| Philadelphia, PA 19131 | :   JURY TRIAL OF TWELVE (12) |
| | :   JURORS DEMANDED |
| and | : |
| | : |
| PCOM FAMILY MEDICINE | : |
| 4190 City Avenue | : |
| Philadelphia, PA 19131 | : |
| | : |
| and | : |
| | : |
| CHARLES PASCALL, OFFICE MANAGER | : |
| PCOM FAMILY MEDICINE | : |
| 4190 City Avenue | : |
| Philadelphia, PA 19131 | : |
| | : |
|         Defendants. | : |

## CIVIL ACTION COMPLAINT

## PARTIES

1. Plaintiff, Andrea Mudie, is an adult individual, residing at the above-captioned address. At all times material hereto, Ms. Mudie, was employed by Philadelphia College of Osteopathic Medicine as a nurse at its Family Medicine Healthcare Center. Plaintiff worked for Defendant for over one year. Plaintiff is black and is an immigrant to the United States from Trinidad.

2.  Defendant, Philadelphia College of Osteopathic Medicine ("PCOM"), is one of the nations oldest medical schools. PCOM also operates several healthcare centers, including PCOM Family Medicine located at the above captioned address.

3.  Defendant, Charles Pascall (Mr. Pascall), is an adult individual who at all times material hereto, was employed by PCOM as an Office Manager.  He is being sued in his individual and official capacity.

## JURISDICTION AND VENUE

4.  The above paragraphs are incorporated herein by reference.

5.  Jurisdiction in this Honorable Court is based on federal question 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

6.  Venue is proper in the Eastern District of Pennsylvania, as the facts and transactions involved in the discrimination complained of herein occurred in large part in this judicial district at PCOM, in Philadelphia County, Pennsylvania.

## STATEMENT OF FACTS

7.  The above paragraphs are incorporated herein by reference.

8.  Defendants have created a prejudiced, hostile and bigoted environment toward its black and/or Trinidadian employees.

9.  Plaintiff is from Trinidad and is black. Plaintiff speaks with an accent.

10. Defendant Pascall was Plaintiff's supervisor. Pascall is white.

11. Defendant Pascall treated Plaintiff in a racist and discriminatory manner.

12. Upon information and belief, as part of Defendant Pascall's discriminatory and deliberate actions, Plaintiff was targeted.

13. The discriminatory actions taken against by Defendant Pascall against Plaintiff include, but are not limited to:

   a. Pascall would constantly tell Plaintiff she does not understand English well and that does not understand the "American way."

   b. He would tell Plaintiff he did not want her to speak in meetings because she did understand the "American way."

   c. He would her that she needs to go out and learn about America because she knows nothing about it.

   d. In or around May 2019, Plaintiff asked for the day off because she was closing on a new house. Pascall called Plaintiff a "liar" and made her show him an email from her lender to prove she was actually purchasing a home.

   e. Pascall would refuse to give Plaintiff time for lunch.

   f. While she was working for Defendants, Plaintiff was in the process of applying for citizenship. If Plaintiff ever needed any time off due to the citizenship process, Pascall would require Plaintiff to show him all of her documents first.

   g. Pascall told Plaintiff that Donald Trump should build not only build a wall on the border of Mexico but a wall for all outsiders that do not belong in the United States.

   h. Pascall would often tell Plaintiff that he could replace her at any time.

14. Due to the actions of Defendants, Plaintiff was forced to work in a hostile environment and was unjustly treated, because of her race and ethnicity.

15.  Plaintiff made several complaints to Human Resources regarding the discriminatory

treatment of her by Pascall. However, nothing was done.  Specifically, Plaintiff complained

to HR regarding his comment about Trump and a border wall on or about October 29, 2019.

16. Soon after making complaints to HR, Plaintiff was told by other co-workers that she was

going to be fired. On or about November 5, 2019, approximately one week after her most

recent complaint to HR, Plaintiff was terminated from her employment without reason.

17. Due to the actions of Respondents, Complainant was forced to work in a racist, hostile

environment which caused her substantial stress and anxiety.

18. Defendants' termination of Plaintiff has caused Plaintiff to suffer shame, embarrassment,

and financial loss.

## CAUSES OF ACTION

### COUNT I
### 42 U.S.C. § 1981
### HARASSMENT, DISCRIMINATION AND HOSTILE WORK ENVIRONMENT ON
### THE BASIS OF ETHNICITY AND RACE

19. The above paragraphs are hereby incorporated herein by reference.

20. Defendants evidenced a settled intent to discriminate against and wrongfully target Plaintiff

on the basis of race and ethnicity.

21. Plaintiff's disciplinary actions and ultimate termination were undertaken because of the

color of her skin and ethnicity.

22. The aforesaid conduct of Defendants was intentional and undertaken in reckless disregard

for the federally protected civil rights of Plaintiff.

23. As a result of the said violation of 42 U.S.C. § 1981, Plaintiff has suffered discrimination,

humiliation, embarrassment, and other harms, and is entitled to entry of judgment in her

favor, and against Defendants, together with an award of declaratory and injunctive relief,

damages, and ancillary relief as provided by 42 U.S.C. § 1988.

## COUNT II
## 2 U.S.C. § 1985
## CIVIL RIGHTS CONSPIRACY

24. The above paragraphs are incorporated herein by reference.

25. The foregoing conduct of Defendants violated Plaintiff's rights pursuant to 42 U.S.C. §

    1985, which proscribes any agreement or conspiracy to violate Plaintiff's federally protected

    civil rights, including those rights under 42 U.S.C. § 1981.

## COUNT III
## HOSTILE WORK ENVIRONMENT

26. The above paragraphs are incorporated herein by reference.

27. The foregoing actions of Defendants created a hostile work environment that was severe and

    pervasive and that altered the terms and conditions of Plaintiff's employment.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28. The above paragraphs are incorporated herein by reference.

29. The actions of Defendants' were designed to emotionally harm Plaintiff by causing her to

    subsist in an overwhelming, intimidating and hostile work environment.

30. The conduct of Defendant Pascall was intentional, oppressive, malicious and/or in wanton

    disregard of the rights and feelings of Plaintiff and constitutes despicable conduct, and by

    reason thereof Plaintiff demands exemplary or punitive damages against Defendant Pascall

    in an amount appropriate to punish him and to deter him and others from such conduct in

    the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks damages and legal equitable relief in connection with Defendants' improper conduct, and specifically prays that this Court the following relief to Plaintiff:

a. a declaratory judgment declaring that Defendants have illegally discriminated against Plaintiff;

b. declaring the acts and practices complained of herein are in violation of 42 U.S.C. §§ 1981 and 1985;

c. enjoining and permanently restraining the aforesaid violations;

d. requiring Defendants to pay all earnings Plaintiff would have received, but for the discriminatory practices, including but not limited to, front and back pay and otherwise lost and future benefits;

e. payment of compensatory and punitive damages, to Plaintiff in an amount to be determined at trial; and,

f. an award of Plaintiff's attorneys' fees and costs of suit as provided by 42 U.S.C. § 1988.

g. Such other relief as this honorable Court deems just and proper.

## **JURY DEMAND**

Plaintiffs hereby demand a jury trial as to all issues so triable herein.

Respectfully submitted,

| | |
|---|---|
| **WEISBERG LAW** | **SCHAFKOPF LAW LLC** |
| _/s/ David A. Berlin_ | _/s/ Gary Schafkopf_ |
| David A. Berlin, Esquire | Gary Schafkopf Esquire |
| PA Attorney ID. No. 314400 | PA Attorney ID No. 83362 |
| Matthew B. Weisberg, Esquire | 11 Bala Ave |
| PA Attorney Id. No. 85570 | Bala Cynwyd PA 19004 |
| 7 South Morton Ave. | 610-664-5200 |
| Morton, PA 19070 | Fax: 888-283-1334 |
| (610) 690-0801 | |
| (610) 690-0880 – Fax | |